# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ELGINE WILSON FURLOW,**

        **Plaintiff,**

**-vs-**                                                                 Case No. 6:11-mc-112-Orl-31GJK

**SAVERITE GROCERY STORE,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS (Doc. No. 9)** |
| **FILED:** | December 23, 2011 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Court certify that the appeal is not taken in good faith.

| | |
|---|---|
| **MOTION:** | **MOTION TO SUPPORT ORDER CORRECT ERROR UNCONSTITUTIONAL ORDER 6TH AMENDMENT AND 14TH U.S. CONSTITUTION (Doc. No. 10)** |
| **FILED:** | December 22, 2011 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

| |
|---|
| **MOTION:** MOTION ORDER TO SHOW CAUSE APPEAL TO THE ORDER UNLAWFUL COURT ORDER 6ᵀᴴ AMENDMENT U.S. CONSTITUTION LAW AMERICAN DISABILITY ACT (Doc. No. 11) |
| **FILED:** December 22, 2011 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED** |

On October 14, 2011, Elgine Wilson Furlow (the "Plaintiff") filed an Application to Proceed In District Court Without Prepaying Fees or Costs (the "Motion"). Doc. No. 1. Attached to the Motion is a handwritten complaint alleging ownership of a grocery store and two handwritten letters to the undersigned asking for business records. Doc. No. 1-1. As this Court has previously noted, Plaintiff is a frequent filer of at least ten non-meritorious actions in federal court without paying a filing fee. On April 19, 2008, in *Furlow v. McClinton*, Case No. 6:07-cv-1996-Orl-31DAB, Doc. No. 19 (M.D. Fla. 2008), the Court stated the following:

> A review of this Court's records reveals that this is at least the tenth time Plaintiff has filed a non-meritorious law suit in federal court without paying a filing fee. This Court has "both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386-87 (11th Cir. 1993). Therefore, this Court has the power to permanently enjoin Plaintiff from filing or attempting to initiate any new lawsuit in any federal court in the United States without first obtaining leave of that federal court. *Id*. at 1387.

*Id*. at 2 (footnote omitted). The Court then entered the following order and injunction:

> Until such time as this Court may order otherwise, Elgine Wilson Furlow and any individual or entity acting or purporting to act on his behalf are hereby **ENJOINED** from filing any complaint, claim for relief, suit, controversy, cause of action, grievance, writ, petition, accusation, charge,

> or any other similar instrument (collectively an "Action") in this Court **without first being granted leave by this Court to do** so. . . .
>
> Any Action Furlow . . . seeks to file must be preceded by a Motion for Leave to File addressed to this Court. The filing by Furlow of any Action without prior consent of this Court will be considered in violation of this injunction and will subject Furlow to the possibility of additional penalties, up to and including criminal contempt sanctions. . . .

*Id*. at 2 (ems in original). In the present case, Plaintiff has failed to file a Motion for Leave to File prior to commencing this action. Thus, Plaintiff has failed to comply with the Court's injunction.[1] Accordingly, on November 18, 2011, the undersigned entered a report recommending that the Court: 1) deny the Motion (Doc. No. 1); 2) deny all pending motions as moot; and 3) direct the Clerk to close the case and not to accept any further pleadings, motions, or other documents form Plaintiff in this case. Doc. No. 3 at 2-3. On November 29, 2011, the Court entered an order adopting the report and recommendation. Doc. No. 7.

On December 22 and 23, 2011, Plaintiff filed three additional motions. First, Plaintiff filed a motion to proceed in forma pauperis on appeal (the "Motion to Appeal IFP"). The mandatory language of 28 U.S.C. § 1915 applies to all proceedings in forma pauperis, including motions to proceed on appeal without prepayment of fees. A party may not take an appeal in forma pauperis if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). A petitioner demonstrates good faith when he seeks appellate review of any issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438 (1962); *see also Farley v. United States*, 354 U.S. 521 (1957) (absent some evident improper

---

[1] Recently, Plaintiff also sought to file four similar civil rights complaints without complying with the injunction. *See* 11-mc-108-Orl-31GJK, Doc. Nos. 1-4 (M.D. Fla. Sept. 6, 2011). The Court entered an order striking those complaints for failing to comply with the injunction. *Id*. at Doc. No. 5.

motive, the applicant establishes good faith by presenting any issue that is not plainly frivolous). In this case, the appeal is frivolous because the Motion did not comply with the Court's prior injunction. Accordingly, it is **RECOMMENDED** that the Motion to Appeal IFP (Doc. No. 9) be **DENIED** and the Court certify in writing that the appeal is not taken in good faith.

The other two motions are somewhat difficult to decipher, but involve Plaintiff's attempts to file further motions in this case with the Clerk without complying with the Court's injunction. Doc. No. 10-11. To the extent the motions (Doc. Nos. 10-11) seek relief, it is recommended that they be **DENIED** for failing to comply with the injunction.

Based on the forgoing, it is **RECOMMENDED** that:

1. The Motion to Appeal IFP (Doc. No. 9) be **DENIED** and the Court certify that the appeal is not taken in good faith; and

2. The December 22 and 23, 2011 motions (Doc. Nos. 10-11) be **DENIED** for failing to comply with the Court's injunction.

**The Clerk is directed to send a copy of this Report and Recommendation to Plaintiff by Certified Mail.**

Plaintiff **may file** written objections to this Report and Recommendation within fourteen (14) days from the date of this order. Failure to file written objections in the time provided shall bar Plaintiff from attacking the factual findings on appeal.

**Recommended** in Orlando, Florida on January 9, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge

**Unrepresented Parties by Certified Mail**